UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DOUGLAS MERRITT,** § | |
| *Petitioner/Movant* § | |
| § | |
| v. § | No.  1:23-mc-01467-DII |
| § | |
| **CRIBL, INC. and CLINT SHARP,** § | |
| *Respondents* § | |

## TRANSFER ORDER

Before the Court is Petitioner Douglas Merritt's Motion to Quash Subpoena and Motion for a Protective Order, Dkt. 1, and all related briefing. Having considered the parties' arguments and the relevant law, the Court issues the following transfer order.

Respondent in this action, Cribl, Inc., seeks to depose Douglas Merritt, the former Chief Operating Officer of Splunk Inc., in connection with the pending lawsuit brought by Splunk against Cribl and Clint Sharp in the United States District Court for the Northern District of California, Case No. 22-cv-07611-WHA ("Underlying Action"). Dkt. 2, at 2. In the Underlying Action, Splunk accuses Cribl of copyright infringement and breach of multiple license agreements relating to Splunk's proprietary data management software. *Id*. Cribl claims that "Merritt possesses unique personal knowledge from his time as Splunk's CEO of information that is highly relevant to Cribl's defenses to Splunk's claims." *Id*.

Splunk disagrees. It argues that "Merritt lacks unique personal knowledge of the six matters on which his testimony is sought." Dkt. 1, at 4. Accordingly, Splunk

1

argues, Cribl's proposed deposition of Merritt violates the apex doctrine. "The apex doctrine restricts a party's ability to depose high-ranking executives and officials and to limits such discovery when it is unnecessary, cumulative, duplicative, unduly burdensome, or harassing." *Id.* at 2. *See Dollar Phone Access, Inc. v. AT&T Inc.*, No. 3:15-CV-0404-K, 2016 WL 11664308, at *1 (N.D. Tex. Mar. 7, 2016) ("In the Fifth Circuit, it is necessary to use less intrusive means, such as deposing lesser-ranking employees, before attempting to depose high level executives.").

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents *or if the court finds exceptional circumstances.*" Fed. R. Civ. P. 45(f) (emphasis added). While Rule 45 does not define "exceptional circumstances," the Advisory Committee Note states "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45 advisory committee's notes to 2013 amendment, Subdivision (f). "Courts addressing the issue of exceptional circumstances have consistently found that where transfer of a motion to the issuing court would provide for consistent outcomes, and avoid unnecessary disruption of the issuing court's case management, the motion to transfer should be granted." *Gaddis v. Garrison Prop. & Cas. Co.*, No. 5:16-MC-456-DAE, 2016 WL 3081067, at *2 (W.D. Tex. May 31, 2016) (internal quotation marks omitted).

The Court finds that exceptional circumstances warrant transferring Merritt's Motion to Quash, Dkt. 1, to the United States District Court for the Northern District of California. First, the Northern District of California is more familiar with the underlying facts and legal arguments. *See Buc-ee's, Ltd. v. Shepherd Retail, Inc.*, No. 3:17-MC-1-N-BN, 2017 WL 86143, at *2 (N.D. Tex. Jan. 10, 2017) (granting *sua sponte* transfer under Rule 45(f) where "the Houston Court presumably ha[d] more familiarity with the overall course and scope of discovery in the underlying litigation on which the grant for the Motion to Quash turn[ed]"). Further, the Northern District of California "is in the best position to make rulings on the scope of discovery and evaluate the relevance of the requested documents." *In re Nat'l Prescription Opiate Litig.*, No. 1:18-OP-45274-DAP, 2023 WL 5659047, at *3 (W.D. Tex. Aug. 30, 2023) (granting motion to transfer under Rule 45(f)). Accordingly, the Court hereby **TRANSFERS** this case to the United States District Court for the Northern District of California.

**IT IS THEREFORE ORDERED** that the above-styled case is **TRANSFERRED** to the United States District Court for the Northern District of California. **IT IS LASTLY ORDERED** that this matter is **CLOSED**.

SIGNED January 5, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE